**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-1724**

MAX MALEKE; SILVANA SUMILAT,

Petitioners,

versus

ALBERTO R. GONZALES, Attorney General of the
United States,

Respondent.

On Petition for Review of an Order of the Board of Immigration
Appeals. (A78-586-537; A78-586-538)

Submitted: May 31, 2006                    Decided: June 16, 2006

Before MOTZ, TRAXLER, and SHEDD, Circuit Judges.

Petition dismissed by unpublished per curiam opinion.

Alfred L. Robertson, Jr., STEPHEN J. SHEEHY III & ASSOCIATES,
Annandale, Virginia, for Petitioners. Peter D. Keisler, Assistant
Attorney General, M. Jocelyn Lopez Wright, Assistant Director,
Diane Kelleher, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C.,
for Respondent.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Max Maleke and his wife, Silvana Sumilat, natives and citizens of Indonesia, petition for review of an order of the Board of Immigration Appeals affirming, without opinion, the immigration judge's denial of their application for asylum.[*] We dismiss the petition for review for lack of jurisdiction.

Petitioners challenge the immigration judge's denial of the application for asylum and the finding that the application was untimely filed. Petitioners also requested that this court order a new proceeding regarding changed country conditions in Indonesia. The Attorney General contends that Petitioners waived these arguments because they did not raise them on appeal to the Board. Failure to raise arguments before the Board constitutes a waiver of those issues and precludes review by this court. See Gonahasa v. INS, 181 F.3d 538, 544 (4th Cir. 1999). Our review of Petitioners' brief to the Board supports the Attorney General's argument, and we therefore do not review the underlying merits of these claims.

As for the denial of Petitioners' request for asylum, we conclude that we lack jurisdiction to review the immigration judge's determination that Petitioners failed to file within one year of the date of their arrival in the United States. See 8 U.S.C. § 1158(a)(2)(B) (2000). Whether the application was filed

---

[*]Petitioners filed only one application for asylum. Sumilat was identified as a beneficiary of Maleke's application for asylum, and did not apply for asylum in her own right.

within one year of Petitioners' admission to the United States is a question of fact; accordingly, this court has no jurisdiction to review the determination that the application was untimely.  See 8 U.S.C. § 1158(a)(3) (2000); Chen v. United States Dep't of Justice, 434 F.3d 144, 150-54 (2nd Cir. 2006) (collecting cases).  Given this jurisdictional bar, we cannot review the underlying merits of Petitioners' asylum claims.

We therefore dismiss the petition for review.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DISMISSED

- 3 -